[Civ. No. 1085.   Third Appellate District.—March 18, 1913.]

CATHERINE ALTPETER et al., Respondents, v. POSTAL
TELEGRAPH-CABLE COMPANY, Appellant.

APPEAL—DISMISSAL BECAUSE APPELLANT NOT AGGRIEVED.—When there
are numerous papers besides the transcript, more or less involved in
an examination of the motion to dismiss the appeal because the
appellant is not an aggrieved party, the motion should attend the
hearing on the appeal.

APPEAL from a judgment of the Superior Court of Yolo County. N. A. Hawkins, Judge.

The facts are stated in the opinion of the court.

L. T. Hatfield, for Appellant.

E. E. Gaddis, for Respondents.

THE COURT.—Motion to dismiss the appeal.

In this case the party originally sued was the Postal Telegraph-Cable Company organized under the laws of the state of New York. Counsel for that corporation appeared and answered. The cause was set down for trial, a jury was impaneled and witness Heller sworn on behalf of plaintiffs. It soon transpired that the injury complained of, if any, was committed by the servants of the Postal Telegraph-Cable Company of California, a corporation separate and distinct from the New York corporation. Counsel for plaintiffs moved to amend the complaint by striking out the words "New York" and inserting the word "California," which motion was granted. Counsel for the New York corporation objected and asked for a formal order dismissing the action as to the New York corporation. "The Court: There is no such defendant in the case and never has been. I am taking your words exactly as they were given. The Postal Telegraph-Cable Company of New York, there is no such company as I have seen. Mr. Hatfield (counsel for the New York corporation) : I never said anything of the kind. (The reporter reads the remark of Mr. Hatfield as follows: I would ask an order dismissing the case as to the Postal Telegraph-Cable Company of New York.) The Court: That is not a party before the court Mr. Hatfield: I understand, and I respectfully suggest that we withdraw from the case. If we are not before the court we are not here. The Court: That is a different proposition and that is not before the court. Mr. Hatfield: Then we will retire and we do not intend any disrespect to the court. If the California corporation is the defendant in this case we have no appearance for it and no authority to appear. The Court: You will not be bound by the proceedings whether you remain or not. Mr. Hatfield: If we made a defense I think we would. The Court: Your presence or absence

doesn't alter the situation. Mr. Gaddis (counsel for plaintiffs) : I am sorry to see you go. The Court: I will state now you have a jury here and the jury will have to be disposed of. Mr. Gaddis: I expect to go ahead and put in the case, with your honor's permission. (At this point Mr. Hatfield leaves the court room.) ''

The case was tried and the plaintiff had the verdict and the judgment of the court thereon. The original defendant in the action, the New York corporation, appealed.

There are numerous papers and records besides the transcript more or less involved in an examination of the motion to dismiss the appeal. The ground of the motion is that the appellant is not an aggrieved party, the appellant being the New York corporation. It may turn out on the hearing of the merits of the appeal that respondent's position is impregnable, but we are impressed with the belief that the motion should attend the hearing on the appeal and it is so ordered.